**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BURLEN GLENN,

        Petitioner-Appellant,

    v.

STEVE BECK, Warden, also known as
Steven Beck,

        Defendant-Appellee.

No. 04-7045

Eastern District of Okla.

(D.C. No. CV-02-268-S)

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges. **

Petitioner-Appellant Burlen Glenn, a state prisoner appearing pro se, filed a

petition for a writ of habeas corpus in the district court pursuant to 28 U.S.C.

§ 2254 (2000).  The district court denied Glenn's petition and also denied Glenn a

certificate of appealability (COA).      *See* 28 U.S.C.  § 2253(c)(1) (2000) (providing

---

* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

that a petitioner may not appeal the denial of habeas corpus relief from a state detention unless he first obtains a COA). Glenn now seeks to appeal the district court's ruling. For the reasons that follow, we deny Glenn's COA and dismiss the appeal.

## Background

A jury in the Cherokee County District Court of Oklahoma convicted Glenn of one count of racketeering, six counts of knowingly concealing stolen property, three counts of uttering a forged instrument, one count of obtaining money by false pretenses, and one count of larceny of domestic animals. On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) reversed the racketeering conviction and affirmed the other judgments and sentences. *See Glenn v. State*, 26 P.3d 768 (Okla. Crim. App. 2001). Glenn subsequently filed an application for state post-conviction relief, alleging the OCCA erred in not reversing his remaining 11 convictions, and that he had discovered relevant *Brady* materials. The trial court denied relief, finding petitioner's challenges to the OCCA decision should have been presented to that court in a petition for rehearing. With respect to the other post-conviction claims, the trial court found consideration of those issues barred because they either could have been raised on direct appeal or were reassertions of claims already raised on direct appeal. The trial court further

found that Glenn's claims pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), failed to establish a constitutional violation.

Glenn then filed a motion in the state district court to appeal the post-conviction action out of time, which was denied on May 22, 2003. The OCCA affirmed the denial of Glenn's motion for a post-conviction appeal out of time, finding he had failed to "address or establish that he was denied a post-conviction appeal through no fault of his own, the crucial issue to appeal out of time." *Glenn v. State*, No. PC-2003-612, slip op. at 1 (Okla. Crim. App. Aug. 8, 2003).

Thereafter Glenn filed the instant § 2254 petition in federal district court. The district court dismissed the petition, finding it barred by an independent and adequate state procedural rule regarding out of time appeals, and that Glenn had failed to adequately justify his failure to appeal in a timely manner. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (requiring petitioner who fails to comply with independent and adequate state procedural rule to demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or . . . that failure to consider the claims will result in a fundamental miscarriage of justice" before federal habeas review of the merits of the claim is allowed).

## Analysis

Glenn is entitled to a COA only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When the district court

-3-

denies a habeas petition on procedural grounds, "a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Here for example, Glenn could question the accuracy of the district court's application of the state procedural bar by challenging its independence or adequacy, or by confronting the district court's determination that he had failed to establish cause and prejudice or a fundamental miscarriage of justice.

Glenn has failed to do so. Construing Glenn's pro se application for COA and brief liberally, there is nothing that suggests the district court erred in applying the procedural bar. Rather, much of the application focuses on proceedings in the state courts and does not even attempt to justify Glenn's failure to file a timely appeal. Glenn does assert that his counsel at the preliminary hearing was ineffective for failure to properly object to a jurisdictional concern. However, this alleged deficiency does not relate to Glenn's failure to file a timely appeal and, as a result, cannot be construed as an attempt to explain why the district court erred in applying the procedural bar.

Finding no reason to believe that the district court erred in applying the state procedural rule to bar consideration of Glenn's petition, we DENY COA and

DISMISS the case.  We also GRANT Glenn's motion to proceed in forma

pauperis.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge